IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DARRELL HORTON,
as Temporary Administrator of the Estate of MATTHEW DEAN HORTON,

   Plaintiff,

v.

THE CITY OF ENIGMA, et al.,

   Defendants.

Civil Action No. 7:14-CV-31 (HL)

**ORDER**

Before the Court is Plaintiff's Motion to Compel Discovery (Doc. 88), pursuant to O.C.G.A. § 9-11-37. Plaintiff seeks an Order from the Court compelling Defendant Israel Timothy Rutland to answer an interrogatory to which Rutland previously asserted his Fifth Amendment privilege against self-incrimination. Defendant argues that the privilege is implicated by the questions in the interrogatory, and he should therefore not be compelled to answer the interrogatory. For the reasons discussed herein, Plaintiff's Motion to Compel is denied.

**I.   BACKGROUND**

On November 12, 2013, Plaintiff was killed when a vehicle driven by Rutland struck Plaintiff's vehicle. At the time of the wreck, Rutland was eluding officers from several local police agencies in a high speed chase. After the

wreck, officers suspected that Rutland was intoxicated due to the strong smell of alcohol on Rutland's breath. The Georgia Bureau of Investigation later determined that Rutland's Blood Alcohol Content at the time of the accident was 0.082. Officers concluded that Rutland's intoxication was a contributing cause of the wreck. Rutland has been charged with a plethora of felonies and misdemeanors in connection with the wreck, and the resulting criminal case is still pending.

As a result of the wreck, Plaintiff filed this civil suit in March of 2014. Plaintiff sent discovery requests to Rutland simultaneously with the Complaint. Rutland responded to these requests in August of 2014. At issue in this Motion to Compel is Rutland's response to Interrogatory Number 5 (the "Interrogatory"), which reads as follows:

> 5.    Concerning any alcoholic beverages consumed by you within twenty-four hours of the incident referred to in the Complaint, please state the type and quantity of the alcoholic beverage(s) consumed; the period of time over which said alcoholic beverage(s) were consumed; the name and address of each establishment or individual upon whose premises such alcoholic beverages were purchased and/or consumed.
>
> RESPONSE:
> As there are criminal charges currently pending against him arising out of the subject incident, defendant Rutland asserts his 5th Amendment right.

Defendant objected to this request on the grounds that providing this information would violate his Fifth Amendment privilege against self-incrimination.

Plaintiff later scheduled and noticed Rutland's deposition, to be taken on July 24, 2014. In addition to the attorneys representing the parties in this civil action, Rutland's criminal defense attorney, Chevene King, was present. When Plaintiff stated his intent to ask Rutland questions about where he obtained the alcohol he drank on the day of the wreck, Mr. King asserted Rutland's Fifth Amendment privilege on his behalf, and indicated that Rutland would refuse to answer any of Plaintiff's questions during the deposition. Plaintiff's attorney left the deposition without asking any specific questions of Rutland. Plaintiff now seeks the Court's help in compelling Rutland to answer the Interrogatory.

## II.   ANALYSIS

The Fifth Amendment provides in part that "[n]o person * * * shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The Supreme Court has declared that the privilege extends not only to answers that would themselves support a criminal conviction, but also to answers that would "furnish a link in the chain of evidence" needed to prosecute. Begner v. State Ethics Com'n, 250 Ga. App. 327, 330 (2001) (citing Hoffman v. United States, 341 U.S. 479, 486 (1951)).

It is for the court to determine whether an individual's invocation of the Fifth Amendment is justified, and to what extent. Hoffman, 341 U.S. at 486. The witness is "not exonerated from answering merely because he declares that in doing so he would incriminate himself." Id. Rather, to sustain the privilege, it "need only be evident from the implications of the question, in the setting in which

it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." Id. at 486–87.

The Court concludes from the implications of the questions included in the Interrogatory and the criminal charges Rutland is facing that Plaintiff's Interrogatory, if answered, may result in injurious disclosure. Mr. Rutland is suspected of intoxication that was a contributing factor to the wreck at issue in this civil suit. Any admissions regarding the amount of alcohol he consumed the day of the accident and the time of consumption may further incriminate Rutland. In addition, admissions regarding the name and address of any establishment or individual upon whose premises alcoholic beverages were purchased and/or consumed may provide a "link in the chain of evidence needed to prosecute." See Begner, 250 Ga. App. at 330. The Fifth Amendment's privilege against self-incrimination is implicated by the questions asked in Plaintiff's Interrogatory.

### III.   CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion to Compel (Doc. 88).

**SO ORDERED**, this the 9th day of October, 2015.

                                              */s/ Hugh Lawson*
                                              **HUGH LAWSON, SENIOR JUDGE**

les